[826 NYS2d 80]

In the Matter of JEROLD PROBST, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 21, 2006

### APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Leslie B. Anderson* of counsel), for petitioner.

*Jerold Probst*, New York City, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated March 22, 2005, containing one charge of professional misconduct against him. After a hearing on August 18, 2005, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent has submitted an affirmation in response in which he advances mitigation and requests that this matter be remanded to the Grievance Committee for the imposition of a private sanction if it is determined that he must be sanctioned.

The charge alleges that the respondent engaged in conduct prejudicial to the administration of justice and conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

In April 2003, the respondent represented the defendants in an action entitled *Levitt & Assoc., P.C. v Computer Handlers Corp.* (Sup Ct, Nassau County, Index No. 16434/00). On or about April 8, 2003, a hearing was held before Justice Leonard B. Austin with respect to the respondent's application to be relieved as counsel for the defendants. Justice Austin denied the application.

On or about April 10, 2003, the respondent sent a letter to Justice Austin, copied to his adversary, in response to the court's decision. Statements made by the respondent in that letter were either derogatory, undignified or intemperate.

Based on the uncontroverted evidence, the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Special Referee took note of the respondent's unblemished career of more than 34 years, his expressed remorse, and the deception of his clients that victimized him. The Special Referee labeled the subject letter as "a one time

isolated emotional response to a very difficult situation." The respondent has submitted character letters attesting to his integrity, trustworthiness and good deeds.

Under the totality of circumstances, the respondent is publicly censured for his professional misconduct.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and CRANE, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.